Ríos *v.* Berenguer et al.

Appeal from the District Court of Mayagüez.

No. 30.—Decided February 13, 1905.

Evidence—Onus Probandi.—The burden of proof is upon the party alleging an affirmative proposition.

Injunction—When the Writ Will Issue.—The writ of injunction will issue when it appears from the allegations of the petition that the plaintiff is entitled to the relief demanded.

Id.—Rights of Defendant—Vacation or Modification of Injunction.—Upon an application to vacate or modify an injunction the petitioner must allege the necessary matters of law and fact to justify the modification or vacation of the writ and make due proof of the facts alleged.

Id.—Allegations of Petition.—If the allegations of the petition are not denied or disproved they must be considered as proven and are sufficient to support the judgment rendered.

The facts are stated in the opinion.

*Mr. Rodolfo Ramírez,* for appellant.

*Mr. Bernardini,* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

In this case an injunction was sought and granted restraining the marshal of the Municipal Court of Cabo Rojo from selling under an attachment issued by the Municipal Court of Cabo Rojo, fourteen hogsheads of sugar which had been previously seized by process from the Municipal Court of Mayagüez. Two separate suits had been instituted by Ríos and Berenguer, respectively, in the municipal courts of Mayagüez and Cabo Rojo, against the same defendants, Olivella and wife; the former including as defendants two other persons. Attachments were issued in each case and in the one from Mayagüez levied on fourteen hogsheads of sugar and four yoke of oxen appearing to be the property of Ra-

miro Vidal, and in the one from Cabo Rojo, on eighteen hogs-heads of sugar, appearing to be the property of the same defendant.

The suit of Ríos was instituted on the 16th of June, 1904, and that of Berenguer on some date not appearing from the record. The attachment in the former case was levied on the 18th·day of June, 1904, and that in the latter case two days later. It is alleged that fourteen of the hogsheads of sugar were included in both levies. Four hogsheads of sugar and the oxen do not seem to be in dispute.

On the 21st of July, 1904, the plaintiff Ríos brought a suit ·in the Municipal Court of Mayagüez against Berenguer and the defendants against whom he (Ríos) had previously obtained a judgment for $390, to try the right of property to the fourteen hogsheads of sugar which had been attached, and the same was duly tried in that court and judgment rendered in favor of Ríos' claim. This was merely incidental to the other proceedings enumerated.

There was a preliminary injunction issued on the 4th day of August, last, and this after notice to the opposing party was made final on the 10th of the same month.

From this final judgment this appeal was taken and al-lowed and both parties filed briefs in this court; the appellee alone appearing by counsel in the oral argument.

Although no definite assignment of errors appears in the record, it may be gathered from his brief that counsel for appellant bases his objections to the judgment appealed from on the following grounds:

First. That the documents presented by the appellee do not plainly show that the fourteen hogsheads of sugar at-tached by Ríos were included in the eighteen attached by Berenguer.

Second. That the claim of Ríos was not prosecuted against the same persons as that of Berenguer; the former being against the husband and wife Olivella and also against Ra-

miro Vidal and Federico Vidal, while the latter was against Olivella and his wife alone.

In regard to the first objection, it may be said that if it were a fact that there is want of identity in the property levied on in the two attachments, the burden of proving the same is on the party alleging the same. In his petition for injunction the plaintiff alleges that the fourteen hogsheads of sugar taken by him in his attachment were subsequently seized by the defendant under another writ issued in favor of Berenguer. This is not denied in the pleadings, and if the property seized in the second attachment were different from that included in the first, this should have been alleged and proved by the defendant. Article 345 of the Revised Statutes (section 3 of the Injunction Law) prescribes that the injunction shall issue "when it appears by the petition that the plaintiff is entitled to the relief demanded." By section 13 of the same act (Rev. Stat., art. 355, p. 162) the defendant may apply to the court to vacate or modify the same. Of course he must allege in his application or motion, or in his answer if he makes one under section 55 of this act (Rev. Stat., art. 347, p. 160), the necessary matters of law or of fact to justify the vacation or the refusal of the injunction, and make due proof of the facts alleged; or the injunction must issue and remain in force.

But the sugar seized appears, as is alleged by the plaintiff from the judgment in the case instituted for the trial of the right of property, to be the same property levied on by both writs. This point then is clearly settled in favor of the plaintiff.

As to the second objection it may be said that it is immaterial. It matters not for the purposes of the injunction who the parties defendant were. It is the property attached not the persons of the parties to the suit that we have to consider. As there is an effort on the part of Berenguer to subject to the force of his attachment property already in the

possession of the court, under valid process previously issued, the injunction was properly granted and sustained. If the property attached at the suit of the plaintiff was not subject to the writ levied on it for any reason, as if for instance it was not the property of any one of the defendants against whom the judgment was rendered, this should have been alleged and proved by the party seeking to prevent the issuance of the injunction. This must be done directly and not by inference or innuendo. No such course has been taken in this case. The allegations in the petition for injunction not being denied or disproved must be taken as established and are sufficient to support the judgment rendered.

The judgment should be affirmed with all costs in this court and the court below against the defendant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.